IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| **CHRISTINA VACCARO** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. SAG-21-1840 |
| **MONTE NIDO ROXBURY MILLS,** | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Christina Vaccaro ("Plaintiff") filed this discrimination and retaliation action against her former employer, Monte Nido Roxbury Mills ("MNRM"). ECF 1. MNRM has filed a Motion to Dismiss the Complaint for failure to state a claim. ECF 11. Plaintiff filed an opposition, ECF 20, and MNRM filed a reply, ECF 23. A hearing is not necessary. *See* Local Rule 105.6 (D. Md. 2021). For the reasons that follow, MNRM's motion shall be denied without prejudice to its renewing its judicial estoppel argument once a more complete factual record has been developed.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

According to Plaintiff's Complaint, she worked for MNRM as a licensed practical nurse from August 21, 2019 through December 3, 2019. ECF 1 ¶¶ 8, 29. During that time, Plaintiff suffered a number of medical conditions and injuries, and she alleges that MNRM's human resources department denied her reasonable accommodation requests. *Id.* ¶¶ 15-17, 19. She also alleges that her supervisor subjected her to disability-related harassment. *Id.* ¶ 21. After she reported the harassment, Plaintiff learned that she had been placed on disciplinary suspension. *Id.* ¶ 27. Plaintiff felt she had no viable option but to resign on December 3, 2019, due to what she

perceived as untenable working conditions. *Id.* ¶ 29. The instant lawsuit alleges constructive discharge.

During the time she was employed with MNRM, on October 11, 2019, Plaintiff filed a petition for Chapter 13 bankruptcy with the United States District Court for the District of Maryland. ECF 11-2 Ex. A. In her petition, on Schedule A/B, Plaintiff did not disclose any potential employment claim against MNRM when asked to disclose any "[c]laims against third parties, whether or not you have filed a lawsuit or made a demand for payment." *Id.* at 18.

After her resignation, on December 16, 2019, Plaintiff filed an amended bankruptcy plan. ECF 11-2 Ex. C. At that time, she still failed to amend Schedule A/B to disclose her discrimination claims against MNRM. Plaintiff then filed an EEOC charge against MNRM on February 4, 2020. ECF 1 ¶ 6. She did not, however, take action to amend Schedule A/B to reflect that filing.

Plaintiff's amended bankruptcy plan was denied in March, 2020. ECF 11-2 Ex. D. She filed a second amended bankruptcy plan on April 22, 2020, but again failed to amend Schedule A/B to disclose her discrimination claim then pending before the EEOC. ECF 11-2 Ex. E. Plaintiff's second amended bankruptcy plan was confirmed on September 24, 2020, and an amended order confirming the plan was filed on October 6, 2020. ECF 11-2 Ex. F, G. At no time during that window did Plaintiff seek to amend Schedule A/B.

On July 23, 2021, Plaintiff filed the instant lawsuit claiming discrimination and retaliation. ECF 1. Again, she did not seek to amend Schedule A/B or to disclose the lawsuit to the bankruptcy court.

Defendant filed the instant motion to dismiss on September 22, 2021, arguing that Plaintiff is judicially estopped from bringing this lawsuit due to a failure to disclose her potential claims in her bankruptcy proceeding. ECF 11. On October 25, 2021, Plaintiff filed an amended Schedule

A/B in Bankruptcy Court, disclosing her claims against MNRM for the first time. ECF 20-2.

## II. STANDARDS OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to test the legal sufficiency of a complaint by way of a motion to dismiss. *In re Birmingham*, 846 F.3d 88, 92 (4th Cir. 2017); *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). A Rule 12(b)(6) motion constitutes an assertion by a defendant that, even if the facts alleged by a plaintiff are true, the complaint fails as a matter of law "to state a claim upon which relief can be granted." *See In re Birmingham*, 846 F.3d at 92.

Whether a complaint states a claim for relief is assessed by reference to the pleading requirements of Federal Rule of Civil Procedure 8(a)(2). That rule provides that a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of the rule is to provide the defendants with "fair notice" of the claims and the "grounds" for entitlement to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

To survive a motion under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Id*. at 570; *see Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009) ("Our decision in *Twombly* expounded the pleading standard for 'all civil actions' . . .") (citation omitted); *see also Willner v. Dimon*, 849 F.3d 93, 112 (4th Cir. 2017). But a plaintiff need not include "detailed factual allegations" in order to satisfy Rule 8(a)(2). *Twombly*, 550 U.S. at 555. Moreover, federal pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014) (per curiam).

Nevertheless, the rule demands more than bald accusations or mere speculation. *Twombly*,

550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013). If a complaint provides no more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action," it is insufficient. *Twombly*, 550 U.S. at 555. Rather, to satisfy the minimal requirements of Rule 8(a)(2), the complaint must set forth "enough factual matter (taken as true) to suggest" a cognizable cause of action, "even if ... [the] actual proof of those facts is improbable and . . . recovery is very remote and unlikely." *Twombly*, 550 U.S. at 556 (internal quotation marks omitted).

In reviewing a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint" and must "draw all reasonable inferences [from those facts] in favor of the plaintiff." *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Semenova v. Maryland Transit Admin.*, 845 F.3d 564, 567 (4th Cir. 2017); *Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). But, a court is not required to accept legal conclusions drawn from the facts. *See Papasan v. Allain*, 478 U.S. 265, 286 (1986). "A court decides whether [the pleading] standard is met by separating the legal conclusions from the factual allegations, assuming the truth of only the factual allegations, and then determining whether those allegations allow the court to reasonably infer" that the plaintiff is entitled to the legal remedy sought. *A Soc'y Without a Name v. Virginia*, 655 F.3d 342, 346 (4th Cir. 2011).

In deciding a motion filed pursuant to Rule 12(b)(6), "a court may consider official public records, documents central to plaintiff's claim, and documents sufficiently referred to in the complaint so long as the authenticity of these documents is not disputed." *Witthohn v. Fed. Ins. Co.*, 164 Fed. App'x 395, 397 (4th Cir. 2006); *see also Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995) (district court may take judicial notice of public documents, such as court

4

records, even when the documents are neither referenced by nor integral to the complaint). This court can take judicial notice of its own records, including the filings in the bankruptcy court. *See Anderson v. FDIC*, 918 F.2d 1139, 1141 n.1 (4th Cir. 1990) ("[T]he Bankruptcy Court is considered 'a unit of the district court' under 28 U.S.C. § 151, and we believe a district court should properly take judicial notice of its own records . . .").

### III. DISCUSSION

Bankruptcy debtors must include a schedule of assets with their initial petitions. 11 U.S.C. § 521(a)(1)(B)(1). The Bankruptcy Court relies upon the schedule ("Schedule A/B") because the debtor's property, which includes the debtor's legal claims, becomes property of the bankruptcy estate for dissemination to creditors. 11 U.S.C. §§ 301-03, 541(a). The definition of a debtor's legal claims and assets includes "[a]n EEOC charge, and even the underlying facts that might support a discrimination claim." *Robertson v. Flowers Baking Co. of Lynchburg, LLC*, 2012 WL 830097, at *3 (W.D. Va. Mar. 6, 2012). The debtor owes a continuing duty to disclose all assets throughout the duration of the bankruptcy case. *See Martineau v. Wier*, 934 F.3d 385, 396 (4th Cir. 2019) (citing the debtor's "continuing disclosure obligations to the bankruptcy court"); *In re Coastal Plains*, 179 F.3d 197, 208 (5th Cir. 1999) (describing debtor's duty of disclosure as a "continuing one"); *see also* 11 U.S.C. § 1306(a)(1).

The doctrine of judicial estoppel prevents a party from asserting inconsistent positions in separate judicial proceedings. The elements of judicial estoppel are:

> (1) the party to be estopped [is] advancing an assertion that is inconsistent with a position taken during previous litigation; (2) the position [is] one of fact instead of law; (3) the prior position [was] accepted by the court in the first proceeding; and (4) the party to be estopped [has] acted intentionally, not inadvertently.

*Folio v. City of Clarksburg*, 134 F.3d 1211, 1217-18 (4th Cir. 1998) (citing *Lowery v. Stovall*, 92

5

F.3d 219, 224 (4th Cir.1996)). Failure to disclose an asset to a bankruptcy court constitutes taking a factual position in litigation that no such asset exists, because the bankruptcy court relies on a debtor's complete disclosure of all assets in evaluating the bankruptcy estate. In fact, "[j]udicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset." *Castillo v. E.M. Dimitri*, 2020 WL 1689871, at *2 (E.D. La. Apr. 7, 2020) (quoting *Fornesa v. Fifth Third Mort. Co.*, 897 F.3d 624, 627 (5th Cir. 2018)). The purpose of judicial estoppel in that context is to "deter dishonest debtors, whose failure to fully and honestly disclose all their assets undermines the integrity of the bankruptcy system." *Id*. (quoting *U.S. ex rel Long v. GSDMIdea City, L.L.C.*, 798 F.3d 265, 271 (5th Cir. 2015)); *see also Robertson*, 2012 WL 830097, at *6 ("Plaintiff's assertion . . . that he has a valid cause of action against Defendant is a factual assertion inconsistent with his previous position in the bankruptcy court that he had no contingent or unliquidated claims."). Here, the Bankruptcy Court accepted Plaintiff's representations that no viable employment claim existed when it confirmed her bankruptcy plan and set payment terms based on those representations in September and October, 2020. ECF 11-2 Ex. F, G. Thus, the first three elements of judicial estoppel have been met.

The fourth and "determinative factor," however, turns on analysis of motive: whether Plaintiff's failure to disclose her claim against MNRM was intentional or inadvertent. *See Lowery*, 92 F.3d at 224 (collecting cases). "[J]udicial estoppel applies only when 'the party who is alleged to be estopped intentionally misled the court to gain unfair advantage,' and not when 'a party's prior position was based on inadvertence or mistake.'" *Martineau*, 934 F.3d at 393 (emphasis omitted) (quoting *John S. Clark Co. v. Faggert & Frieden, P.C.*, 65 F.3d 26, 29 (4th Cir. 1995)); *see also King v. Herbert J. Thomas Mem'l Hosp.*, 159 F.3d 192, 196-97 (4th Cir. 1998). In contrast

to some of the other jurisdictions relied upon by MNRM, the Fourth Circuit has clearly rejected an automatic presumption of bad faith where a debtor had knowledge of a potential claim but failed to disclose it. *Martineau*, 934 F.3d at 394. In the Fourth Circuit's view, such a presumption could "give the civil defendant a windfall." *Id.* (citation and internal quotation marks omitted). Instead, the Fourth Circuit has directed courts to consider "the 'specific factual context[ ]' of a case, rather than 'any general formulation' or 'inflexible' rule or standard." *Id.* (bracket in original and citation omitted). In other words, under Fourth Circuit law, a plaintiff's mere knowledge of a potential undisclosed claim does not suffice to show her intent to manipulate the judicial system by failing to disclose that claim in bankruptcy. *Id.*

This Court cannot conclude as a matter of law, on the present sparse record, that Plaintiff acted in bad faith. It is abundantly clear that Plaintiff had knowledge of her employment-based claim at least as of her resignation in December 2019. Moreover, Plaintiff has not proffered any reason for her failure to amend Schedule A/B in a timely fashion to include that claim. Instead, she simply focuses on the fact that she finally amended her bankruptcy schedule in October, 2021. That belated act could be equally consistent with an inadvertent omission of the claim that she promptly rectified once notified, or an intentional attempt to conceal the claim that she abandoned once her deception was revealed. In other words, Plaintiff's attempt to invoke a "reverse presumption" of regularity due to the fact that she amended Schedule A/B after MNRM's motion to dismiss was filed could incentivize debtors' abuse of the judicial system. If such a reverse presumption were to apply, debtors would be well-served to conceal potential claims in their bankruptcy proceedings, with no risk of detriment if they simply amended their schedules to include those claims when caught.

Thus, both parties' suggested presumptions lack validity, and this Court must return to the

fact-specific inquiry required by *Martineau*. Plaintiff's economic motive for concealment is uncontroverted; she does not have the benefit here of successful arguments by other similarly situated plaintiffs that there was some legal justification for their failure to list their potential claims in their bankruptcy schedules. *See, e.g.*, *Calafiore v. Werner Enterprises, Inc.*, 418 F. Supp. 2d 795 (D. Md. 2006) (declining to apply judicial estoppel where plaintiff plausibly contended that Maryland law exempted personal injury damages from disclosure in bankruptcy). But Plaintiff's economic motive, standing alone, is not dispositive. Ultimately, this Court simply requires more evidence as to Plaintiff's state of mind during the period between her resignation and her eventual amendment of Schedule A/B. The factual record must be further developed to allow this Court to evaluate Plaintiff's degree of culpability or bad faith, which will determine the applicability of judicial estoppel and the resulting viability of Plaintiff's current claim.

## IV. CONCLUSION

For the reasons set forth above, MNRM's Motion to Dismiss, ECF 11, is denied without prejudice to MNRM's ability to re-raise the applicability of judicial estoppel on a more robust factual record. A separate Order follows.


January 3, 2022                               /s/
                                    Stephanie A. Gallagher
                                    United States District Judge